# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CLIFTON JOHNSON;** ) | |
| **NICOLE S. JOHNSON,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | |
| **CHRYSLER GROUP LLC,** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' COMPLAINT

**COME NOW** the Plaintiffs in the above-styled cause and for their Complaint against the Defendant state the following:

## PARTIES

1. Clifton Johnson is a resident and citizen of the state of Alabama, Madison County, and is over the age of twenty-one (21) years.

2. Nicole S. Johnson is a resident and citizen of the state of Alabama, Madison County, and is over the age of twenty-one (21) years.

3. The Defendant, Chrysler Group LLC ("Chrysler"), is a foreign company and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiffs assert that Defendant is regularly engaged in the business of manufacturing automobiles for consumer use. Chrysler manufactured and issued a new vehicle warranty for the 2013 Dodge Journey, VIN 3C4PDCAB0DT723845 ("Journey" or "vehicle") which vehicle is the subject of this action.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 15 U.S. Code § 2310. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## FACTUAL ALLEGATIONS

5.      On or about August 18, 2013, Plaintiffs purchased the new Journey from Chrysler at the Landers McLarty Dodge Chrysler Jeep Ram dealership in Huntsville, Alabama.

6.      Plaintiffs immediately started experiencing electrical problems with the vehicle soon after purchase.

7.      On or about October 3, 2013, Plaintiffs took the vehicle to Westbury Jeep Chrysler Dodge Long Island in New York ("Westbury") for repair.  The repair was unsuccessful.

8.      On November 15, 2013, Plaintiffs took the vehicle to Westbury for repair.  The repair was unsuccessful.

9.      On or about November 25, 2013, Plaintiffs took the vehicle to Westbury for repair.  The repair was unsuccessful.

10.     On or about January 27, 2014, Plaintiffs took the vehicle to Westbury for repair. The repair was unsuccessful.

11.     On or about June 11, 2014, Plaintiffs notified Chrysler of its Final Repair Opportunity.

12.     On or about July 7, 2014, Plaintiffs took the vehicle to Westbury for repair. However, the repair was unsuccessful.

13.     On or about September 16, 2014, Plaintiffs notified Chrysler of their revocation of acceptance of the vehicle.

14.     Chrysler failed to accept the return of the vehicle and the Plaintiffs continue to possess it.

## COUNT ONE
## LEMON LAW CLAIM

15. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16. Plaintiffs have experienced serious defects, problems, nonconformities and poor quality in the vehicle, including but not limited to the vehicle's electronic components, and. Said defects, problems, nonconformities, and poor quality have adversely affected the use, safety and the value of the vehicle to the Plaintiff.

17. Plaintiffs returned the vehicle to authorized servicing dealers for repairs of the above stated problems and defects, under the manufacturer's warranty, on numerous occasions.

18. The problems that Plaintiffs have experienced were not adequately or timely repaired.

19. Plaintiffs properly notified Chrysler or its authorized agent of the problems, defects and nonconformities in the vehicle and gave Chrysler or its authorized agent reasonable opportunity to inspect, service, and/or repair said nonconformities and problems.

## COUNT TWO
## BREACH OF WARRANTY–UCC AND MAGNUSON MOSS WARRANTY ACT

20. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. Plaintiffs and Defendant Chrysler are subject to the provisions of Alabama's Uniform Commercial Code, Code of Alabama §7-2-101, *et seq*. Defendant Chrysler is a "seller" or warrantor and Plaintiffs' vehicle is a "good" and a "consumer good" pursuant to the Alabama UCC.

22. Plaintiffs aver that under the circumstances of this case, the Defendant's warranties fail of their essential purpose.

23. Plaintiffs are entitled to all damages available pursuant to Code of Alabama §7-2-714 and §7-2-715, including but not limited to damages for diminution of value, incidental and consequential damages, and mental anguish.

24. Defendant Chrysler breached its express written warranties by failing adequately to correct the problems, defects and nonconformities in said vehicle or by failing to do so within a reasonable amount of time, and/or by manufacturing and distributing a vehicle with defects in materials or workmanship.

25. For the reasons set forth herein above, this action is subject the Magnuson-Moss Warranty Act, 15 U.S.C.A. Sec. 2301, *et seq*.

26. Plaintiffs are "consumers" and Plaintiffs' vehicle is a "consumer product" pursuant to 15 U.S. Code § 2301. Defendant Chrysler is both a "warrantor" and "supplier" pursuant to 15 U.S. Code § 2301. Defendant breached its express warranties with Plaintiff as stated herein and Plaintiffs are entitled to all relief available pursuant to the Magnuson-Moss Act, including but not limited to attorney's fees and costs.

### COUNT THREE
### REVOCATION OF ACCEPTANCE

27. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. Plaintiffs revoked their acceptance of the vehicle because the nonconformity substantially impairs its values.

29. Plaintiffs' only accepted the vehicle based on the difficulty of discovery of the vehicle's problems.

30.     Plaintiffs notified Chrysler of its revocation on September 16, 2014.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A.      Plaintiffs demand judgment under Alabama's Lemon Law against Defendant Chrysler for repurchase of the vehicle including:

    a. The full contract price or capitalized cost paid by Plaintiffs;

    b. All collateral charges incurred by Plaintiffs;

    c. All finance or lease charges incurred by Plaintiffs;

    d. All incidental and consequential damages to which the Plaintiffs may be entitled; and

    e. Reasonable attorney's fees and costs;

    f. Plus all other relief, whether legal or equitable, to which the Plaintiff may be entitled under Alabama's Lemon Law, Code of Alabama (1975) § 8-20A-1, *et seq*.

B.      Plaintiffs claim all damages that may be available under the Alabama UCC, Alabama Case Law and the Magnuson-Moss Warranty Act, including but not limited to damages for breach of warranty, any appropriate equitable relief, all monetary losses, diminution of value, incidental and consequential damages and mental anguish plus attorney's fees, interest and all costs and expenses of litigation (pursuant to 15 U.S.C.A. Sec. 2310), along with any other relief to which they may be entitled under the Magnuson-Moss Warranty Act and Alabama law.

C.      Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

/s/ JOHN C. HUBBARD
John C. Hubbard
ASB-8252-H46H
Attorney for Plaintiffs
John C. Hubbard, LLC
PO Box 953
Birmingham, Alabama 35201
205-378-8121 – phone
205-690-4525 – fax